UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | |
| Timothy James and Beverly Marie Kato | Chapter 7 |
| Debtor(s). | BK 04-61108 |

| | |
|---|---|
| Habbo G. Fokkena, United States Trustee | |
| Plaintiff, | |
| vs. | Adv. No. |
| Timothy James and Beverly Marie Kato | |
| Defendant(s). | |

**COMPLAINT TO DENY DISCHARGE**

Habbo G. Fokkena, United States Trustee, Plaintiff, by and through his undersigned attorney, for his complaint against Timothy James and Beverly Marie Kato, defendant debtors, states and alleges that:

1.  This complaint is filed under FED. R. BANKR. P. 7001(4) and seeks an order denying the defendant debtors' discharge pursuant to 11 U.S.C. § 727(a)(2) and (a)(4).

2.  This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and FED. R. BANKR. P. 4004. This proceeding is a core proceeding.

3.  The United States Trustee has standing to commence this adversary proceeding pursuant to 28 U.S.C. § 586(a) and 11 U.S.C. §§ 307 & 727(d).

4.  Upon information and belief, the defendant debtors are residents of Minnesota.

5.  The defendant debtors commenced the present bankruptcy case on September 20, 2004.

1

6. The defendant debtors signed the original Schedules and Statement of Financial Affairs, filed in connection with this case, under penalty of perjury.

7. The period of time to file a complaint objecting to discharge in this case expires on December 28, 2004.

8. Tamara Yon was appointed as Chapter 7 Trustee in this case.

9. The Section 341 meeting in this case was held on October 29, 2004.

10. Shortly prior to the Section 341 meeting, on October 27, 2004, the defendant debtors filed first amended Schedule B, C and Statement of Financial Affairs and verification under penalty of perjury of those amendments.

11. The first amended Schedule B disclosed the defendant debtors' property interest in a jet ski on first amended Schedule B and C and a personal injury proceeds totaling $48,398.87, which were received on approximately April 1, 2004 and spent prior to filing the bankruptcy case, on first amended Statement of Financial Affairs.

12. At the Section 341 meeting on October 29, 2004, the Chapter 7 trustee asked the defendant debtors if all assets were listed on original Schedule B plus the jet ski and personal injury. The defendant debtors answered under oath "Yes."

13. At the Section 341 meeting, the Chapter 7 trustee again itemized each of the assets disclosed and asked the defendant debtors if there were any other assets, and the defendant debtors answered under oath, "No."

14. At the Section 341 meeting, the Chapter 7 trustee asked the defendant debtors if all of their creditors were disclosed in the schedules, and the defendant debtors answered under oath "Yes."

15. A party representing the largest general unsecured creditor on Schedule F (Hometown Community Bank) appeared at the defendant debtors' Section 341 meeting.

16. The representative asked the defendant debtors under oath about an entity called

"Cottage Grove Resort."

17. The defendant debtors initially testified under oath that they kept their trailer at the Cottage Grove Resort site in exchange for renting a spot for a seasonal fee plus an electric fee.

18. Upon further questioning by the representative of the creditor at the meeting, the defendant debtors admitted that Cottage Grove Resort is a cooperative and that they were members of that cooperative.

19. Upon the disclosure of membership, the debtors testified that they paid "association dues" of approximately $ 8,000 three years ago, and that there were 60 members.

20. The debtors testified that they did not "own" anything.

21. Upon information and belief, the debtors previously represented to the creditor Hometown Community Bank in a credit application for the loan(s) underlying the claim on Schedule F, dated approximately August 19, 2003, that their property interest in the Cottage Grove Resort had a value of $ 35,000.

22. Upon information and belief, approximately at the time of the Section 341 meeting and through the date of this complaint, Timothy Kato, in the web cite maintained for his employment at Automaxx in Alexandria, MN, represented the following: "I am part owner of Cottage Grove Resort Association on Lake Andrews."

23. In a Subscription Agreement, dated February 1, 2003, the defendant debtors agreed to contribute $ 20,100 of "capital" to Cottage Grove Resort Association, a Cooperative Association ["the Association"], in exchange for a Certificate of Membership.

24. In a Promissory Note between the defendant debtors and the Association, dated February 1, 2003, the defendant debtors agreed to pay $ 8,500 down plus $ 625 bi-annually ($ 1350 per year), for a total sum of $ 20,100, for value received.

25. In a Pledge Agreement between the defendant debtors and the Association, dated February 1, 2003, the defendant debtors pledged "Certificate of Membership, Certificate No. 53,

3

in Cottage Grove Resort Association, a Minnesota Cooperative Association" to the Association to secure the promissory note.

26. In the Member Information signed by David Plath, President of the Association, the defendant debtors are listed to hold their membership interest as "Joint Tenants with Right of Survivorship."

27. In the Contract for Deed, wherein the Association purchased the underlying property interest (Property ID # 30-0237-000) from Curtis J. and Diane K. Drystad, via a contract for deed, the purchase price was the sum of $ 1,200,000.

28. "Tim Kato, Vice President" was one of the two signatories on behalf of the Association on the contract for deed.

29. The Promissory Note, Pledge Agreement and Subscription Agreement between the defendant debtors and the Association are not disclosed in the schedules of liabilities or the Statement of Financial Affairs and first amended Statement of Financial Affairs in the underlying bankruptcy case of the defendant debtors.

30. Upon information and belief, there are approximately 60 members of the Association.

31. At a deposition conducted on approximately December 16, 2004, the defendant debtor Timothy Kato testified that the 60 memberships each paid the same purchase price for their membership in the Cottage Grove Resort Association.

32. At the same deposition, the defendant debtor Timothy Kato testified that the membership interest entitled him to a proprietary lease for use of a site in the RV campsite.

33. At the same deposition, the defendant debtor Timothy Kato testified that in addition to the RV campsite, the resort belonging to the Association consists of six cabins on the lake and one off the lake that are used as rentals, 60 total R.V. campsites, 1,700 feet of lakeshore, a lodge, and a caretakers house.

34. At the same deposition, defendant debtor Timothy Kato testified that he serves as vice-president of the Association and/or Board of the Association and has acted in that position since "we started".

35. At the same deposition, defendant debtor Timothy Kato testified that he is a sales manager/business manager at Automaxx in Alexandria, Minnesota.

36. At the deposition, defendant debtor Timothy Kato testified that for approximately six and a half years he worked as business manager at Lupient Oldsmobile in the Twin Cities, Minnesota.

37. On approximately December 22, 2004, the defendant debtors filed second amended Schedules B and C to disclose the following "Certificate of membership to Cottage Grove Resort Association, a common interest community, together with a proprietary Lease to Unit Number 53 of said association. The association is purchasing a resort on a Contract for Deed dated March 26, 2003 with semi-annual payments made by members until 2023. The Debtor has a 1/60th interest in the association."

**Count I - § 727(a)(2)**

38. Paragraphs 1-37 are incorporated herein.

39. The defendant debtors with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, have transferred, removed, destroyed, mutilated, or concealed, or have permitted to be transferred, removed, destroyed, mutilated, or concealed –

> (A) property of the debtor, within one year before the date of the filing of the petition; ...
>
> (B) property of the estate, after the date of the filing of the petition.

40. The debtors concealed their member interest in the Cottage Grove Resort

Association from the Chapter 7 Trustee and the Bankruptcy Court.

41. As the Cottage Grove Resort Association was not disclosed, the property was property of the estate at the time the debtors failed to disclose the interest.

42. The debtors concealed the interest intent to defraud the creditors, the trustee, and the bankruptcy estate.

43. The concealment was material.

44. Cause exists to deny the debtors' discharge under 11 U.S.C. § 727(a)(2).

**Count II - § 727(a)(4)**

45. Paragraphs 1-44 are incorporated herein.

46. In the present case, the debtors knowingly and fraudulently, in or in connection with the case –

(A) made false oath or account; ...

47. The defendant debtors hold a 1/60th membership interest in the Cottage Grove Resort Association.

48. The major asset of the Cottage Grove Resort Association is lakeside resort and campsite, which was purchased in approximately March, 2003 for approximately $ 1,200,000.

49. The defendant debtors executed a promissory note and security agreement in connection with the subscription agreement for that membership interest.

50. The defendant debtors failed to disclose their membership interest in the Cottage Grove Resort Association in the original schedules and statement of financial affairs.

51. The defendant debtors failed to disclose their member interest in the Cottage Grove Resort Association in the first amended schedules B & C and Statement of Financial Affairs.

52. The defendant debtors denied having any other assets - other than the assets listed in the schedules and first amended schedules - on at least two occasions while testifying at the

Section 341 meeting in response to questing by the Chapter 7 Trustee.

53. When initially confronted about the Cottage Grove Resort Association under oath at the meeting of creditors, the defendant debtors initially testified so as to imply that their interest was not an ownership interest.

54. The failure to disclose by the defendant debtors was done knowingly and fraudulently.

55. The failure to disclose was material.

56. The false oath(s) of the debtors is cause to deny the defendant debtors' discharge in this case under 11 U.S.C. § 727(a)(4).

WHEREFORE, the Plaintiff requests that this Court enter judgment denying the defendant debtors' discharge herein, together with such further relief as the Court seems just.

Dated: December 28, 2004              HABBO G. FOKKENA
                                      UNITED STATES TRUSTEE
                                      REGION 12

                                  BY: /s/ Sarah J. Wencil
                                      Sarah J. Wencil
                                      Trial Attorney
                                      Office of the United States Trustee
                                      Suite 1015 U.S. Courthouse
                                      300 S. 4th Street
                                      Minneapolis, MN 55415
                                      (612) 664-5500
                                      IA ATTY NO. 14014

# VERIFICATION

I, Sarah J. Wencil, a trial attorney for the United States Trustee, the petitioner herein, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on December 28, 2004     /s/ Sarah J. Wencil
                                   Sarah J. Wencil
                                   Trial Attorney
                                   Suite 1015 U.S. Courthouse
                                   300 S. 4th Street
                                   Minneapolis, MN 55415
                                   (612) 664-5500
                                   IA ATTY NO. 14014